UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x
ROBERT SWEENEY,

              Plaintiff,

   -against-

ANDREW SAUL,
Commissioner of Social Security,

             Defendant.
---------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-1558-FB

*Appearances:*
*For the Plaintiff*:
LEWIS BART INSLER, ESQ.
17 Newcomb Place
White Plains, New York 10606

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
By: ARTEMIS LEKAKIS, ESQ.
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

     Robert Sweeney, who formerly worked as a flooring salesman, seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits. Both parties move for judgment on the pleadings. For the reasons stated below, the Commissioner's motion is denied, Sweeney's motion is granted, and the case is remanded for further proceedings.

# I

On February 20, 2014 Sweeney filed an application for Disability Insurance Benefits, alleging disability as of March 15, 2013. Sweeney alleged that he was disabled due to back pain, herniated and bulging discs, spinal stenosis, right shoulder pain due to torn ligaments, left shoulder pain due to a torn rotator cuff and torn ligaments, arthritis in both knees, flat-footedness, carpal tunnel syndrome, anxiety, and a nerve disorder in his left arm.

As relevant here, two physicians opined on Sweeney's condition: Dr. Sunil Butani and Dr. Louis Fuchs. Dr. Butani, a pain management physician, treated Sweeney beginning in November 2013. Dr. Butani opined that Sweeney could lift up to 10 pounds continuously and 20 pounds occasionally but could not lift or stand for long periods of time. Dr. Fuchs, an orthopedist and an impartial medical expert, completed interrogatories that Administrative Law Judge ("ALJ") Patrick Kilgannon sent him but never examined Sweeney. Dr. Fuchs stated that Sweeney could lift and carry up to 10 pounds continuously and up to 20 pounds occasionally; could sit up to 8 hours in day and for up to 2 hours at a time; and could stand and walk for up to 2 hours each in a day, doing each for up to one hour at a time.

Applying the familiar five-step sequential evaluation process,[1] the ALJ

---

[1] The ALJ must determine
    (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or

2

found (1) that Sweeney had not engaged in substantial gainful activity during the relevant period; (2) that he suffered from several severe impairments; and (3) that his impairments did not meet or equal the severity of any listed impairment.

Turning to step four, the ALJ found that Sweeney had the residual functional capacity ("RFC") to perform light work, because he could lift or carry up to 10 pounds frequently and 20 pounds occasionally; sit up to 6 hours in an 8-hour day; stand or walk up to 6 hours in an 8-hour day; never climb ladders ropes or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, or crawl; occasionally reach overhead bilaterally; occasionally push and pull bilaterally; and occasionally use the dominant left upper extremity to reach, handle, finger, and feel. In so finding, the ALJ gave good weight to some parts of Dr. Butani's opinion and less weight to other parts. The ALJ also noted that Dr. Fuchs's opinion was highly persuasive but gave less weight to the opinion that Sweeney

---

combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 748 F.3d 146, 150 (2d Cir. 2014) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The burden of proof is on the claimant in the first four steps but shifts to the Commissioner at the fifth step. *McIntyre*, 748 F.3d at 150.

could stand or walk up to 2 hours in an 8-hour day. Accordingly, while Sweeney could not perform his past work, he could perform work in the national economy.

II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Sweeney argues that the ALJ erred in failing to weigh the evidence properly. The Court agrees.

**A. ALJ Selectively Chose Evidence in the Record**

An ALJ "cannot simply selectively choose evidence in the record that supports his conclusion." *Gecevic v. Sec'y of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995) (citing *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983)). While there is no "absolute bar" to crediting medical opinions only in part, an ALJ "must have a sound reason for weighting portions of the same-source opinions differently." *Younes v. Colvin*, No. 1:14-CV-170 DNH/ESH, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015).

4

In this case, the ALJ failed to give sound reasons for discrediting the consistent portions of Dr. Butani's and Dr. Fuchs's opinion evidence. He stated that their findings that Sweeney could not stand or walk for extended periods of time was "inconsistent with treatment notes frequently showing a normal gait, 5/5 motor power in the lower extremities with no atrophy or sensory abnormalities, [and his] broad range of daily activities." AR 32. But that analysis ignores that the medical records show that Sweeney usually walked with an antalgic or abnormal gait, that an MRI revealed that he suffered from "an internal derangement of the right knee," AR 580, that he had crepitus in the knee, and that he had positive Lachman's, McMurray's, and patella femoral grinding tests. Further, no doctor opined that an inability to stand or walk for a long period of time was inconsistent with a normal gait, 5/5 motor power, or any other treatment notes that the ALJ cited. This means that the ALJ impermissibly substituted his own medical expertise. *See Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) ("The ALJ is not permitted to substitute his [or her] own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.").

### III

For the foregoing reasons, Sweeney's motion for judgment on the pleadings is granted and the Commissioner's motion is denied. The case is remanded for

5

further proceedings. Specifically, the ALJ shall reconsider whether Sweeney was disabled during the relevant time period based on the opinions of Dr. Butani and Dr. Fuchs, as well as any other relevant evidence in the record.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 13, 2019